(C. D. 276)

CAPT. A. D. HANSEN *v.* UNITED STATES

United States Customs Court, Third Division

(Dated January 18, 1940)

*Philip Stein* for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

EVANS, Judge: This case is before the court on a motion to dismiss the protest on the ground that the court is without jurisdiction to pass upon the questions raised. The protest is as follows:

Protest is hereby made against your decision or exaction involving Seizure or Case No. 1508 of January 17, 1936, and your decision or exaction of August 24 (Notice No. 29772) and your letter of July 12, 1937, on certain merchandise claimed not to have been entered on the manifest or store list of the S. S. "General Lee," involving the sum of $141.80 claimed as a penalty or fine equal to the do-

mestic value of the merchandise seized. The reasons for objections, under Section 514 of the Tariff Act of 1930, are that the exaction was not made pursuant to Section 584 or Section 453 of the Tariff Act of 1930; That no assessment should have been made against the protestant because of such seizure or exaction.

Also, in the alternative, that the amount assessed and exacted is greater than the value of the merchandise seized; Or, that the value of the merchandise upon which the exaction was made was not arrived at in accordance with the Tariff Act of 1930.

These claims are made in addition to any previous protest and petition filed in connection with this exaction or seizure.

On August 24, 1937, the collector of customs at the port of San Francisco sent a notice to the plaintiff herein directing him to pay to the cashier of customs $141.80 "on account of penalty imposed on the S/S General Lee for having on board certain merchandise not entered on the manifest or store list in violation of section 584, Tariff Act of 1930." The notice states that the penalty was a fine equal to the domestic value.

The letter from the collector of customs to the captain of the vessel S/S *General Lee*, cited in the protest, is in the following language:

Capt. A. D. Hansen,
%Thornley & Pitt,
San Francisco, Calif.

Sir:

You are advised that your second supplemental petition requesting relief from a penalty amounting to $141.80 incurred under the provisions of Section 584 of the Tariff Act of 1930 as a result of the failure to manifest certain merchandise found on board the S/S GENERAL LEE after arrival at this port on January 13, 1936, was duly referred to the Bureau and a reply is now at hand. Case No. 1508.

For your information there is enclosed herewith copy of the Bureau's reply, dated July 7, 1937, denying your petition.

You are therefore requested to pay the sum of $141.80 to this office at an early date.

Respectfully,

C. O. Dunbar,
Collector of Customs.

It therefore appears at this time that the collector assessed and the plaintiff paid a sum of money under the terms of section 584 of the Tariff Act of 1930, and thereafter petitioned the Secretary under section 618 of said act for relief, which was denied; whereupon the instant lawsuit was started.

Section 514 of the Tariff Act of 1930 gives this court jurisdiction, among other things, over "all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury)."

Undoubtedly the sum of money paid constituted an exaction of an amount of money claimed to be equal to the domestic value of the

merchandise. In this connection we observe that section 606 of the Tariff Act of 1930 provides for the appraisement of seized merchandise on the basis of the domestic value. This statute is as follows:

SEC. 606. (SEIZURE) SAME—APPRAISEMENT.

The collector shall require the appraiser to determine the domestic value, at the time and place of appraisement, of any vessel, vehicle, merchandise, or baggage seized under the customs laws.

Nowhere in the tariff law do we find a definition of "domestic value" but article 1105 (b) of the Customs Regulations of 1931 provides a definition as follows:

(b) The term "domestic value" applied with respect to this section is the price at which such or similar merchandise is freely offered for sale, at the time and place of appraisement in the same quantity or quantities as seized and in the ordinary course of trade. If there is no market for the seized merchandise at the place of appraisement, then the value as defined above in the nearest principal market to the place of appraisement shall be found.

A motion was also made to introduce in evidence the record in reappraisement 121987–A, decided in Reap. Dec. 4584, which involved the seized merchandise in question. The record was not produced in court and the judge sitting at the hearing reserved decision on the admission of the same.

On the question of jurisdiction it should be noted that section 514, *supra*, is much broader than was the statute involved in earlier seizure cases wherein it was claimed that the court had no jurisdiction to pass on the question of seizure since the matter of remission of the penalty was addressed solely and exclusively to the Secretary of the Treasury. (*In re Chichester*, 48 Fed. 281, and *In Re Reinach*, G. A. 2761, following *Cotzhausen* v. *Nazro*, 107 U. S. 215.) We presume the language was broadened so as to give this court a right to review, among other things, cases of this character. In any event, it is our opinion that we do have the statutory authority so to act, and the motion to dismiss is hereby denied.

On the question of the admission of the reappraisement record in evidence the court observes that such record was not produced and presented to the court and therefore we will not pass upon its admissibility but will await the presentation of such record to the trial judge. The record may present a question which the protest division of the court should pass upon. If the case went off on the theory that neither the consignee nor his agent made entry and therefore could not have reappraisement, the inquiry would arise whether or not in seizure cases of this character the statute which prevents appeal would apply, there having been no consignee or agent. Nevertheless the master of the vessel in order to procure the release of his vessel was compelled to pay the money. There may also be a question as to whether he is entitled to appeal from appraisement in such a case since the right to appeal is purely statutory and nothing is said in

the statute about the right to have such an appraisement reviewed. In any event, these questions should all be addressed to the trial court upon a full presentation of the record.

We will therefore not pass upon the motion to incorporate the record in the reappraisement case in question but will reserve ruling thereon to the trial judge to whom such record should be produced when the case is tried on the merits. It will be so ordered, and the motion to dismiss is hereby denied.